**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY JAMES MERRICK, in his official capacity only,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>DAVID SHINN, Director of the Arizona Department of Corrections, Rehabilitation and Reentry, in his official and individual capacities; DIANNE MILLER, Administrator of the Office of Publication Review, in her official and individual capacities; D GONZALES, a corrections officer in the Arizona Department of Corrections, Rehabilitation and Reentry, in his/her official and individual capacities; C GONZALEZ, Corrections Officer - Badge #10970; S McQUEEN, Corrections Officer - Badge #12723; RYAN THORNELL, Director of the Arizona Department of Corrections, Rehabilitation,<br><br>        Defendants - Appellees. | No. 24-4833<br><br>D.C. No. 2:23-cv-00296-SPL-MTM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 22, 2025[]

Before:     GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Arizona state prisoner Anthony James Merrick appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging federal claims arising from the confiscation of prison mail.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo. *Prison Legal News v. Ryan*, 39 F.4th 1121, 1128 (9th Cir. 2022).  We affirm.

The district court properly granted summary judgment because Merrick failed to raise a genuine dispute of material fact as to whether Arizona Department of Corrections Order 914, as revised on August 12, 2022, was facially unconstitutional or whether defendants lacked a legitimate penological interest in confiscating content deemed sexually explicit under the order. *See id.* at 1128-36 (setting forth factors for analyzing the facial and as-applied constitutionality of prison regulations under *Turner v. Safley*, 482 U.S. 78 (1987); holding that Order 914's policy prohibiting graphic depictions of nudity or sex acts was facially valid; and explaining that "inconsistency in prison censorship" is insufficient to establish an as-applied First Amendment violation).

The district court did not abuse its discretion in denying Merrick's motions

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for injunctive relief in the form of additional legal resources, for appointment of counsel, for recusal of the magistrate judge, for reconsideration of its dismissal of defendant McQueen for failure to effect service, and to compel discovery because Merrick failed to establish a basis for such relief. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel); *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (setting forth standard of review and requirements for injunctive relief); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that a decision to deny a motion to compel discovery will not be disturbed without "actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)); *United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (setting forth standard of review and standards for recusal of judges); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

The district court did not abuse its discretion in denying Merrick's request to certify an interlocutory appeal. *See Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995) ("Congress . . . chose to confer on district courts first line discretion to allow interlocutory appeals.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**